UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES RAYMOND FEUQUAY,

                          Plaintiff,

                                              CASE NO. 11-11481
v.                                            HONORABLE GERALD E. ROSEN

MICHIGAN DEPARTMENT OF CORRECTIONS,
MICHIGAN PAROLE BOARD, BARBRA SAMPSON,
LISA GETTYS, and ANTHONY KING,

                          Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Charles Raymond Feuquay is a state prisoner at the G. Robert Cotton

Correctional Facility in Jackson, Michigan.  He has filed a *pro se* civil rights complaint under 42

U.S.C. §§ 1983, 1985(3), and 1986 and under the Americans with Disabilities Act, 42 U.S.C. §

12101, *et seq*.  The defendants are the Michigan Department of Corrections, the Michigan Parole

Board, and three members of the Parole Board.

The complaint alleges that, on June 8, 2009, the Parole Board notified Plaintiff that he

would be released on parole later that month.  The county prosecutor appealed the Parole

Board's decision, and on October 5, 2009, the Parole Board rescinded its decision to release

Plaintiff on parole.  The prosecutor's appeal was then dismissed as moot, and Plaintiff's attempts

to have the state court assume jurisdiction over the matter were unsuccessful.

Plaintiff claims that the Parole Board's decision to reverse its decision to grant parole

was an abuse of discretion and a fraud on the court.  He seeks declaratory, injunctive, and

monetary relief for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.  He also alleges the torts of negligence and intentional infliction of emotional distress.

## II.  Standard of Review

The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action.  The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish:  1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law."  *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs*., 555 F.3d 543, 549 (6th Cir. 2009)).  While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555-56 (citations and footnote omitted).  Conclusory statements will not suffice.  *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949

(2009). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III.  Discussion

Plaintiff has no right to relief from the Michigan Department of Corrections because the State and its Department of Corrections enjoy absolute immunity from suit under the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*).  The Michigan Parole Board likewise enjoys immunity from suit under the Eleventh Amendment.  *Horton v. Martin*, 137 F. App'x. 773, 775 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . . ." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

Parole Board members Barbra Sampson, Lisa Gettys, and Anthony King also enjoy immunity from claims for money damages.  *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998); *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990).

> "The immunity of quasi-judicial officers such as . . . parole board members derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges. Like judges, they require the insulation of absolute immunity to assure the courageous exercise of their discretionary duties."

*Hilliard v. Williams*, 465 F.2d 1212, 1217 (6th Cir. 1972) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (footnotes omitted)).

Although Plaintiff also seeks declaratory and injunctive relief, he is challenging the fact or duration of his confinement.  His allegations would be more appropriate in a habeas corpus petition, following exhaustion of state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 &

3

499 n. 14 (1973).  The Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994),

and progeny, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) --

no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's

suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that

action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v.*

*Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).[1]

The facts as alleged indicate that no state officials have invalidated the Michigan Parole

Board's decision not to release Plaintiff on parole.  Nor does it appear that a federal court has

reviewed and invalidated the Parole Board's decision.  And because success in this action would

demonstrate the invalidity of Plaintiff's continued confinement, his claims are not cognizable in

this civil rights action.

Plaintiff's claims would lack merit even if they were cognizable in a civil rights

complaint.  He has not alleged any facts showing entitlement to relief under the Americans with

Disabilities Act.  He also has not shown how his rights under the First Amendment were

violated.  His due process and Eighth Amendment claims lack merit because he has no

constitutional right to release on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr.*

*Complex,* 442 U.S. 1, 7 (1979), and in Michigan "a prisoner's release on parole is discretionary

with the parole board."   Mich. Comp. Laws § 791.234(11).

> That the state holds out the possibility of parole provides no more than a mere
> hope that the benefit will be obtained.  To that extent the general interest asserted
> here is no more substantial than the inmate's hope that he will not be transferred

---

[1]  "*Heck* 'applies to proceedings that call into question the fact or duration of parole or
probation.'" *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102
F.3d 1086, 1087 (10th Cir. 1996)).

4

to another prison, a hope which is not protected by due process.

*Greenholtz*, 442 U.S. at 11 (citations omitted). Because Plaintiff has no liberty interest in parole, he has no basis for claiming a violation of due process, *Wagner v. Gilligan*, 609 F.2d 866, 867 (6th Cir.1979) (*per curiam*), and the "[d]enial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment" under the Eighth Amendment. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992).

Plaintiff cites the conspiracy statute, 42 U.S.C. § 1985(3), but he has not alleged any facts to support a conspiracy claim. Thus, to the extent he is claiming that the defendants conspired to violate his civil rights, his claim fails. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Absent a showing that the defendants violated § 1985, there is no right to relief under 42 U.S.C. §1986 (failure to prevent a conspiracy). *Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

### IV. Conclusion

Plaintiff has failed to show that the defendants deprived him of a federal right, privilege, or immunity. His allegations are frivolous, fail to state a plausible claim for which relief may be granted, and seek money damages from defendants, who are immune from such relief. Accordingly, the federal claims are summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

"Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which

allege the torts of negligence and intentional infliction of emotional distress.  Finally, because an

appeal from this decision would be frivolous and could not be taken in good faith, Plaintiff may

not proceed *in forma pauperis* on appeal if he appeals this decision.  28 U.S.C. § 1915(a)(3);

*Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601,

610-11 (6th Cir. 1997).


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  May 9, 2011

I hereby certify that a copy of the foregoing document was served upon Charles Feuquay,
#255252, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, Michigan 49201
on May 9, 2011, by ordinary mail.

s/Ruth A. Gunther_____
Case Manager